STATE, LEWIS PERRINE, PROSECUTOR, v. LEWIS PARKER, RECEIVER OF TAXES OF THE CITY OF TRENTON.

1. The terms " if any building or addition shall be erected on any lot," &c., used in the charter of the city of Trenton, in reference to additional assessments, held to mean only lateral additions, which occupy lands without the limits of the original building. Additions in height or depth are merely alterations, and not within the meaning of the charter.

2. The case of *Updyke* v. *Skillman*, 3 *Dutcher* 131, in which the same construction to similar terms used in the mechanics' lien law was given by the court, referred to and approved.

3. No increase of valuation can legally be made without notice.

State, Perrine, pros., v. Parker, Receiver, &c.

*On certiorari,* in matter of assessment.

The case was argued before DALRIMPLE, DEPUE, and VAN SYCKEL, Justices, on the following statement of facts, agreed to by the counsel of the respective parties:

The prosecutor owns a lot and house in the city of Trenton, assessed at $12,500 by the authorities of the city. During the year 1869 he made improvements in the internal arrangements of his house, and changed the roof from a gable to a French roof. No lateral extension was made, nor were the walls altered, except for a bay window on the west side.

In 1869 an assessment of $5,000 for improvements was made against the property, in addition to the $12,500. From this assessment the prosecutor appealed, but the commissioners of appeal refused to make any deduction. On the day after the adjournment of the commissioners of appeal, an additional tax bill was served upon the prosecutor, a copy of which is hereto annexed, assessing against the lot in question an additional assessment of $4,000 as personal property.

The minutes of the commissioners of appeal show that the $4,000 additional assessment was made against the lot. Of this the prosecutor had no notice.

No notice that such increased assessment was in contemplation was ever given to the prosecutor.

The *certiorari* brings up these two assessments.

For the prosecutor, *E. T. Green.*

For the defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

VAN SYCKEL, J. By the provisions of an act entitled "An act to revise and amend the charter of the city of Trenton," approved March 15th, 1866, it is made the duty

State, Perrine, pros., v. Parker, Receiver, &c.

of the common council of said city, in January, in every third year, to elect three judicious freeholders, whose duty it shall be, within two months after their election, to make a fair valuation of the real estate in the city, by which the assessors shall be governed until the next triennial valuation ; provided, that if, after such valuation, any building or addition shall be erected on any lot, it shall be the duty of the assessor to assess the same, and add such assessment to the valuation of said lot.

The triennial valuation was made in 1868, at which time the relator's property was assessed at $12,500, to which, in 1869, the assessor added $5,000, and the commissioners of appeal $4,000, on account of the improvements described in the annexed case.

The legality of this action is questioned by the prosecutor for two reasons :

*First.* Because the alteration made in his house was not an addition thereto, within the meaning of the act.

*Second.* Because the increase of $4,000 was made without notice.

In *Updyke* v. *Skillman*, 3 *Dutcher* 131, the term "addition to a building," as used in the fifth section of the mechanics' lien law of 1853,* was defined by Chief Justice Green to be a lateral addition, one which occupied land without the limits of the original building, and that adding to its height or depth or changing its interior structure, was merely an alteration, and not an addition.

It must be presumed that the legislature, in the act now considered, employed the word "addition" in the sense which judicial construction had given it, and that its purpose was to subject to increased assessment only a lateral addition.

If the term addition was held to include every improvement which adds to the value of property, it would virtually defeat the object of this special law, and impose the necessity, in almost every case, of making an annual assessment, bringing within its reach every real estate owner who put in

*Rev., p. 669.

a new door, mantel, or lock, or who put on his house a coat of paint.

The facts agreed upon do not bring the prosecutor within the proviso of section fifty-seven of the act above referred to, and, therefore, both additions to his assessment are without authority of law, and must be set aside.